(No. 22792.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES KUNOWSKI, Plaintiff in Error.

*Opinion filed April 12, 1935—Rehearing denied June 6, 1935.*

EDWARD J. LYONS, (GEORGE A. GORDON, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error and Louis Jacobs and Joseph Stopec were jointly indicted and tried in the criminal court of Cook county under a charge of robbery while armed. Plaintiff in error and Jacobs were found guilty. Stopec was found not guilty.

About 3:00 o'clock P. M. on May 2, 1933, four men with handkerchiefs over their faces entered the office of the Zgoda Building and Loan Association, in Chicago. Three were armed with revolvers and one with a sawed-off shot-gun. They entered the cage where the secretary, John Gawin, was at work and took $354 in cash and two revolvers. Gawin identified Jacobs as the first man to enter the office. The second man to enter was not on trial. Stopec came in third and plaintiff in error was identified as the fourth man who came in. Gawin also testified that when the men talked or used their hands their faces were exposed and he got a good look at their features. On May 17 following the robbery Gawin identified Jacobs, Stopec and plaintiff in error at a "show-up" at a police station. Seven men were lined up at the time. Bonislav Czarniecki, an employee of the loan company, who was in the office at the time of the robbery, identified plaintiff in error and Stopec as two of the robbers. This witness also picked out plaintiff in error and Stopec at the "show-up." The testimony of certain police officers was that on May 15, about 5:15 P. M., they saw Jacobs, Stopec and plaintiff in error in a saloon, and that Jacobs and plaintiff in error immediately ran out of the rear door and that Stopec remained.

The defense of all the accused was alibi. Louis Podesta, a commission merchant at 69 South Water street, testified that plaintiff in error was at work at his place of business at three dollars per day on May 2, the day of the robbery, and that the witness had twenty to twenty-five men working at steady employment at that time with a few extra men. Plaintiff in error denied any participation in the robbery and testified that on May 2 Podesta drove him to work, where he stayed from 6:30 A. M. to 4:45 P. M. packing bananas. He also denied that he ran from the officers when apprehended.

The only error assigned is based on the refusal of the trial court to grant a continuance. Plaintiff in error was

in the county jail from the time of his arrest until his trial. On June 2 he was arraigned and pleaded not guilty. On August 31, when the case was called for trial, his counsel informed the court that he had been retained that morning to represent plaintiff in error, and moved to continue the cause until the following morning for the purpose of subpœnaing one witness from South Water street. The court stated that as all of the accused were in court that morning stating they were ready for trial he would deny the motion. It is argued that this witness was an alibi witness, and that had plaintiff in error been granted a continuance until the next day to secure his presence he might have also secured other witnesses and thus sufficiently strengthened his defense of alibi as to result in an acquittal. The record in the case shows that the selection of the jury was not completed until the second day of the trial and the taking of evidence was not completed until some time during the third day of the trial. Podesta testified that he was in business on South Water street and that he was served with a subpœna to appear. No reason is shown why this other witness could not have been subpœnaed and brought into court by the next morning, the time to which the continuance was sought.

This court has often announced that one accused of a crime is entitled to a sufficient time for preparation of his defense, but before it can be said the denial of a motion for a continuance, based on the lack of time to prepare for trial, requires a reversal of the judgment, it must appear that the refusal of additional time in some manner embarrassed the accused in his defense and prejudiced his rights. (*People* v. *Dale,* 355 Ill. 330.) No reason is shown here why the witness referred to in the motion for continuance could not have been served by the following morning. No prejudice resulted to plaintiff in error in the refusal of the court to grant a continuance.

The judgment is affirmed.          *Judgment affirmed.*