(No. 34929.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIE SURGEON, Plaintiff in Error.

*Opinion filed November 26, 1958.*

MELVIN M. LANDAU, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, FRANCIS X. RILEY, and EDWIN A. STRUGALA, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

On May 16, 1956, Willie Surgeon, together with Clyde Gore, Johnny Wilmore, Roger Blair, and Atticus Craft, Jr., was indicted in Cook County, on three counts. Count I charged defendants with the armed robbery of Charles Houston, count II charged Surgeon under the terms of the Illinois Habitual Criminal Act, and count III charged them all with the robbery of $450 from the person of Charles Houston. On June 19, 1956, Surgeon was found guilty in the criminal court of Cook County of armed robbery, and sentenced to the Illinois State Penitentiary for a term of from 6 to 16 years. Having obtained a bill of exceptions pursuant to Rule 65—1 of this court, he now brings this writ of error to review his conviction.

Surgeon obtained counsel of his own choice and appeared in the criminal court of Cook County on May 22, 1956, for arraignment. He waived the reading of the indictment and was presented with a copy of the indictment, and a list of the witnesses and jurors. He then entered a plea of not guilty.

On June 18, 1956, Surgeon and Clyde Gore both appeared in court with their counsel. Surgeon's counsel was excused to appear in traffic court and the criminal court waited for his return before proceeding further. Upon return of Surgeon's counsel and in Surgeon's presence the court first advised the codefendant, Gore, of the charge against him and informed him that he was entitled to a trial by jury. Gore thereupon waived trial by jury.

Thereafter, upon inquiry by the court, Surgeon stated that he understood the charge against him and requested a

jury trial. His counsel then informed the court that he was not prepared for a jury trial, as the State's Attorney had advised him the trial would be a bench trial, and that his client had just that morning informed him of the habitual count against him. He thereupon made a motion for a continuance. The court denied the same, stating that under the circumstances, the witnesses all being present, the court having excused counsel and delayed the proceeding earlier in the day, and no proper reason for continuance being advanced, a continuance was not in order. The court then recessed until 2:00 P.M.

Upon reconvening at 2:00 P.M. the court was informed by Surgeon that he wished to waive a jury and be tried by the court. He further stated that he had previously misunderstood and thought he had to accept a jury trial upon a not guilty plea. He thereupon signed a jury waiver and the trial proceeded before the court, the State having waived the habitual count against Surgeon. Both Surgeon and Gore were found guilty by the court. Surgeon was sentenced to the penitentiary for a term of from 6 to 16 years.

He now seeks review of his conviction complaining (1) that the court erred in failing to ascertain if his waiver of jury trial was expressly made, without coercion, and (2) that the court erred in refusing a continuance so that adequate preparation could be made for his defense.

The trial court is charged with the duty to see that the election of an accused to forego a trial by jury is both expressly and understandingly made. That duty cannot be perfunctorily discharged. (*People* v. *Fisher*, 340 Ill. 250.) This defendant waived the reading of the indictment, was presented with a copy of it, and informed his attorney of the habitual count. He heard the charges against his codefendant read, and stated that he knew the charges against him. He was informed of his right to a jury trial. Nothing in this record indicates coercion, nor does defendant allege

that he was coerced to waive a jury trial. Upon this record we are convinced that the waiver was understandingly made and that the court fulfilled its duty.

Surgeon also contends that the court erred in refusing to grant him a continuance. However, his counsel announced that he was prepared that day for a bench trial, and a bench trial was had. Counsel only objected that he was unprepared for jury trial and that he had only that day been informed of the habitual charge. The habitual charged was waived by the State, and defendant points to nothing in the record to indicate any lack of preparation.

The granting of a continuance to permit additional preparation for a trial depends on the particular facts and circumstances surrounding the request, and rests within the sound discretion of the court. Unless such discretion is shown to have been abused, the court's ruling will not be disturbed. (*People* v. *Clark,* 9 Ill.2d 46; *People* v. *Quevreaux,* 407 Ill. 176; *People* v. *Ritcheson,* 396 Ill. 146; *People* v. *Kunowski,* 360 Ill. 416.) The defendant fails to show how the court's refusal embarrassed his defense or prejudiced his rights.

Consequently, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*