(No. 40889.— ▮▮▮▮▮▮▮▮▮▮
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* MARIE AGNES SAILOR, Appellant.

*Opinion filed November 26, 1969.*

KLUCZYNSKI, J., dissenting.

JOHN P. BIESTEK, JR., of BIESTEK, FACCHINI & BORN-STEIN, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and PATRICK T. DRISCOLL, JR., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

At the conclusion of a bench trial in the circuit court of Cook County, defendant, Marie Agnes Sailor, was found guilty of the crimes of petty theft and deceptive practices

and was sentenced to concurrent terms of 60 days in the House of Correction. She has appealed contending that the trial court's denial of a motion to suppress evidence deprived her of her constitutional right against unreasonable search and seizure, that she did not knowingly and understandingly waive her right to a jury trial, and that the evidence failed to establish her guilt of either offense beyond a reasonable doubt.

On the afternoon of March 7, 1967, defendant, together with Roy Bridges, was a passenger in an automobile operated by Gregory Kneilin when the latter was stopped by a Chicago police officer and questioned about the failure to have a city vehicle license affixed to the windshield of the car. While talking to the driver, the officer saw a pinch bar and two "walkie-talkie" communication devices on the floor of the rear seat of the car and, recognizing them as tools commonly used by burglars, informed the occupants they were under arrest and ordered them from the car. The officer then searched the car and, as he was doing so, saw Bridges hand defendant something which she put in her purse. Upon searching the purse he found, among other things, a "Charge-It" card issued by the Harris Bank to Conrad Malitzka, Jr., identification cards and papers bearing the name of Mrs. Malitzka, identification papers with the name Roland Brensa, and five watches, one of which bore a trade name of "Vantage." Subsequently, defendant was charged with theft of the identification belonging to Brensa, (Ill. Rev. Stat. 1967, ch. 38, par. 16—1(a)(1)) and with the offense of deceptive practices (Ill. Rev. Stat. 1967, ch. 38, par. 17—1(e)), for using the Malitzka credit card without authority to obtain property valued at $57.12.

At the trial, the single prosecution witness to testify concerning the alleged theft of the Brensa identification papers was Brensa himself; however, on motion of defendant, his entire testimony was stricken. As a result, there was no proof in the record that the papers were stolen, or that they

came into defendant's possession unlawfully, and we agree with defendant forthwith that there is a total lack of proof to support the conviction for theft.

In regard to the charge of deceptive practices, Mrs. Malitzka testified that the credit card and her identification papers had disappeared from her purse on the night of March 5, 1967, at a restaurant where she was employed as a waitress, and she identified defendant and Kneilin as persons who had occupied a booth that night near a clothing rack where her purse was kept. A bank official testified and produced documentary proof that the credit card had been used to purchase a "Vantage" watch on March 7, 1967, and further proof was made that the Malitzkas had neither made the purchase nor authorized it. Defendant, testifying in her own behalf, stated that she had found the credit card and the other papers on the street in front of the restaurant on the night of March 5, 1967, and made the damaging admission that the credit card had been in her possession at all times until it was confiscated by the arresting officer on March 7, 1967.

Defendant first contends that the trial court erred in refusing to suppress the evidence taken from her purse, the rationale of her argument being that neither the absence of a license sticker on the automobile, nor the presence of the burglar tools, reasonably justified a search of her purse. One shortcoming to this argument, however, is that it overlooks the circumstance that the arresting officer observed defendant place something in her purse that had been handed to her by one of her male companions. As we stated in *People v. Watkins;* 19 Ill.2d 11, 19: "Police officers often must act upon a quick appraisal of the data before them, and the reasonableness of their conduct must be judged on the basis of their responsibility to prevent crime and to catch criminals." Here the tools which the officer could reasonably regard as burglar tools were in plain view, and afforded reasonable grounds for the arrest of those occupying the auto.

(*Cf. People* v. *Stewart,* 23 Ill.2d 161; *People* v. *West,* 15 Ill.2d 171.) Confronted with this, and with defendant's suspicious action of concealing in her purse something which had been passed to her by a confederate, we cannot say that the search of defendant's purse was unreasonable or unjustified. What occurred, in our opinion, fell within the contemplation of section 108—1 of the Criminal Code of Procedure which provides: "When a lawful arrest is effected a peace officer may reasonably search the person arrested and the area within such person's immediate presence for the purpose of: * * * (d) Discovering any instruments, articles, or things which may have been used in the commission of, or which may constitute evidence of, an offense." (Ill. Rev. Stat. 1967, ch. 38, par. 108—1.) Furthermore, the officer could well have believed that some weapon had been passed and concealed in the purse, and have reasonably concluded that the search was necessary to protect himself from attack. Under the circumstances, the trial court did not err in refusing to suppress the evidence thus seized.

Nor do we find merit to the further contention of defendant that the court failed in its duty to see that her waiver of a jury trial was understandingly and knowingly made. (*People* v. *Surgeon,* 15 Ill.2d 236.) The record reveals that defendant's counsel, in her presence and without objection on her part, expressly advised the court that the plea was "not guilty" and that a jury was waived. An accused ordinarily speaks and acts through his attorney, who stands in the role of agent, and defendant, by permitting her attorney, in her presence and without objection, to waive her right to a jury trial is deemed to have acquiesced in, and to be bound by, his action. (See: *People* v. *Novotny,* 41 Ill.2d 401; *People* v. *Melero,* 99 Ill. App. 2d 208; *People* v. *King,* 30 Ill. App. 2d 264; *Hensley* v. *United States* (D.C. cir.), 281 F.2d 605; *People ex rel. Derber* v. *Skaff,* 22 Wis.2d 269, 125 N.W.2d 561.) As was observed by the

court in *Melero* (99 Ill. App. 2d at 211, 212) : "The trial court was entitled to rely on the professional responsibility of defendant's attorney that when he informed the court that his client waived a jury, it was knowingly and understandingly consented to by his client. Defendant is not permitted to complain of an alleged error which was invited by his behavior and that of his attorney."

Finally, we do not agree with defendant's contention that she was not proved guilty of the charge of deceptive practices beyond a reasonable doubt. The prosecution made a *prima facie* case that an unauthorized purchase of a "Vantage" watch was made with the Malitzka credit card. Such a watch was found in defendant's possession, and she freely admitted having sole possession of the credit card on the date the purchase was made. And while she denied so using the card, the determination of her credibility was the function of the trial court.

Accordingly, and for the reasons stated, the judgment convicting defendant of the crime of theft is reversed, while the judgment finding her guilty of deceptive practices is affirmed.

*Affirmed in part,*
*and reversed in part.*

Mr. JUSTICE KLUCZYNSKI, dissenting:

I cannot agree with the majority in their finding that the defendant understandingly and knowingly waived her right to a jury trial. The United States constitution in the sixth and fourteenth amendments establishes the right of every person to a trial by jury. Section 103—6 of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 103—6) provides: "Every person accused of an offense shall have the right to a trial by jury unless *understandingly* waived by defendant in open court." (Emphasis supplied.) I do not believe that the acquiescence of the defendant during waiver of jury by her attorney was sufficient to demon-

strate that she understood the meaning of a jury trial and knowingly waived it.

"The trial court is charged with the duty to see that the election of an accused to forego a trial by jury is both expressly and understandingly made. That duty cannot be perfunctorily discharged." (*People* v. *Surgeon,* 15 Ill.2d 236 at 238.) As suggested in *People* v. *Bell,* 104 Ill. App. 2d 479, 482, it takes only "a few moments of a trial judge's time to directly elicit from a defendant a response indicating that he understands that he is entitled to a jury trial, that he understands what a jury trial is, and whether or not he wishes to be tried by a jury or by the court without a jury." I believe that this type of affirmative showing in the record should be required to protect the right of the defendant to a jury trial.