**People of the State of Illinois, Plaintiff-Appellee, v. Myron Marsh, Defendant-Appellant.**

Gen. No. 52,988.

First District, First Division.

December 29, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Patrick T. Driscoll, Jr., Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

Defendant, Myron Marsh, was indicted in Count 1 "for the offense of attempt in that he, with the intent to commit the offense of aggravated kidnapping, attempted to knowingly and secretly confine Susan Szostak, a child under the age of thirteen years, against her will, in violation of Ch 38, Sec 10–2 (a–2) of the Ill Rev Stats 1965, and in Count 2 for the offense of unlawful use of weapon, in that he knowingly carried concealed on his person a pistol in violation of Ch 38, Sec 24–1 (a–4) of the amended Ill Rev Stats 1965." He pleaded not guilty and waived a jury trial. The court found him guilty as charged and sentenced him to the Illinois State Penitentiary for a term of between five to seventeen years.

Defendant, on appeal, contends that the trial court erred in accepting a jury waiver; that he was not proven guilty beyond all reasonable doubt; and that the sentence was excessive and should be reduced.

■■■ A jury trial is a privilege which every defendant in a criminal case possesses under the constitutions of the United States and the State of Illinois. This privilege may be waived by the defendant with the consent of the court provided the waiver is expressly and understandingly made. People ex rel. Swanson v. Fisher, 340 Ill 250, 172 NE 722 (1930). It is the duty of the trial judge to see that the election to waive a jury is expressly and understandingly made. There is no set or specific standard which the trial court can follow. Let us examine the record in the instant case pertaining to the question of the jury waiver. The following colloquy took place at the beginning of the trial between the court, defendant and counsel:

THE COURT: "Is this a bench or jury?"

MR. NELSON: "A bench, Judge. I have talked to my client and advised him of his right to a trial by jury. At this time, he requests to waive trial by jury and at this time he will sign a waiver of a jury trial."

THE COURT: "Is that correct, Mr. Marsh?"

THE DEFENDANT: "Yes, sir."

THE COURT: "You are waiving it and wish to be tried by this Court?"

THE DEFENDANT: "Yes, your Honor."

THE COURT: "Will you sign the waiver, please, indicating that."

The jury waiver was signed by the defendant and became part of the court record.

The determination whether a jury waiver was understandingly made must rest upon the facts of each particular case. In the instant case, the remarks of the trial court had been preceded by explanations on the part of defendant's privately retained counsel and the waiver was made in the presence of counsel.

We find that the case of People v. Sailor, 43 Ill2d 256, adequately disposes of the defendant's contention. In that recent case, the Illinois Supreme Court stated:

> "Nor do we find merit to the further contention of defendant that the court failed in its duty to see that her waiver of a jury trial was understandingly and knowingly made. (People v. Surgeon, 15 Ill2d 236). The record reveals that defendant's counsel, in her presence and without objection on her part, expressly advised the court that the plea was 'not guilty' and that a jury was waived. An accused ordinarily speaks and acts through his at-

torney, who stands in the role of agent, and defendant, by permitting her attorney, in her presence without objection, to waive her right to a jury trial is deemed to have acquiesced in, and to be bound by, his action. (See: People v. Novotny, 41 Ill2d 401; People v. King, 30 Ill App2d 264; People v. Melero, 99 Ill App2d 208; Hensley v. United States (DC cir), 281 F2d 605; People ex rel. Derber v. Skaff, 22 Wis2d 269, 125 NW2d 561.) As was observed by the court in Melero (99 Ill App2d at 211, 212): 'The trial court was entitled to rely on the professional responsibility of defendant's attorney that when he informed the court that his client waived a jury, it was knowingly and understandingly consented to by his client. Defendant is not permitted to complain of an alleged error which was invited by his behavior and that of his attorney.' "

Similarly in People v. Wesley, 30 Ill2d 131, 195 NE2d 708 (1964), the conviction was reversed because the 16-year-old defendant should have been committed to the Illinois Youth Commission. As far as the question of the jury waiver is concerned, the court on page 133, stated:

"When defendant and his appointed counsel appeared, the court inquired whether there was to be a jury or a bench trial and after being given time to converse with a doctor present, counsel informed the court it would be a bench trial. When this occurred, the court asked defendant to step up and received affirmative answers to inquiries as to whether defendant understood that he had a right to a jury in each case, and as to whether defendant wanted the court to try the cases. There is no specific or defined formula which the trier of fact is to follow, or from which to judge whether a

302

waiver is understandingly made, and we believe of necessity that the determination must rest upon the facts of each particular case. Here, as was partly true in People v. Palmer, 27 Ill2d 311, it is apparent that the remarks of the court had been preceded by explanation on the part of defendant's counsel; the waiver was accomplished in the presence of counsel; and it is to be gathered from the hearing on aggravation and mitigation that defendant, while youthful, was no stranger to criminal proceedings. Accordingly, we are of the opinion the trial court was correct in its determination that the right to trial by jury was expressly and understandingly waived."

In People v. Surgeon, 15 Ill2d 236, 154 NE2d 253 (1958), the trial court advised the defendant in the presence of his counsel that he was entitled to a trial by jury. His attorney thereupon waived trial by jury. Thereafter the defendant informed the court that he wished to waive a jury and be tried by the court. He also stated "that he had previously misunderstood and thought he had to accept a jury trial upon a not guilty plea. He thereupon signed a jury waiver." The court found that he was informed of his right to a jury trial and "that the waiver was understandingly made and that the court fulfilled its duty."

Defendant also contends that the State failed to prove him guilty of the offense of attempt for which he was indicted. The statute defines it as follows: "A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense." C 38, § 8–4(a), Ill Rev Stats (1967).

Let us examine the record in this case. The defendant, his wife and two children returned from a picnic

late in the afternoon after spending several hours there. Upon returning home at 2856 W. 25th Place, Chicago, he left immediately. He drove south toward 47th Street on which he turned west. He was driving around in said neighborhood having crossed Cicero Avenue, which is located at a point 4800 west. At south 51st Street and Meade Avenue (6100 west) he saw the complaining witness, Susan Szostak, aged ten years. Defendant pulled up to the curb, stopped his car and after lowering the window on the passenger's side, leaned over from the driver's side and asked her where Cicero Avenue was. After she said she did not know and continued on her bicycle, he pulled out a gun and ordered her to get off the bike. He got out of the car, chased after her and pulled her off the bike. He dragged her by her shoulders and arm and pulled her into the car on the passenger side. Susan was screaming when a police car pulled up behind the defendant's car. Defendant then threw the gun out. It was later found by the police two to three feet from the defendant's car. Officer Wielander testified that while driving the squad car on 51st Street, he noticed defendant holding Susan by the wrist just before the squad car pulled up to the defendant's car. Defendant admitted that he had the gun and two knives and that he must have pulled the girl toward the car. He denied pushing her in the car but admitted that the girl was screaming and that he did take hold of her on the shoulders.

■ ■ From the foregoing we agree with the judgment of the trial court that the defendant had the requisite intent to kidnap Susan and that he took substantial steps to do so. Defendant has argued that his intoxicated condition negated the element of intent so that he did not knowingly attempt to kidnap this girl. The only evidence on this point is defendant's self-serving statement that he had been drinking with a

friend at his house and also at the picnic he attended with his family. This took place over a span of several hours on the day in question and was corroborated by defendant's wife and friend. We are not convinced that his voluntary drinking could be characterized as the state of drunkenness which would negate proof of intent. In our judgment the attempt was proven beyond all reasonable doubt.

Defendant contends that there was no confinement, nor was it secret, and no kidnapping. The defendant was charged with the attempt and not aggravated kidnapping and the attempt was proven by the State as stated above.

■■■■ Lastly, defendant complains that the sentence is excessive. Where the sentence of the trial court is within the statutory limits it should not be reduced unless it is manifestly in excess of the Illinois constitutional requirement that all penalties be proportioned to the nature of the offense. Had the police not arrived at the moment they did, the defendant might have faced a more serious charge. The trial court has the main responsibility to determine proper punishment at the time of sentencing and the appellate courts should not interfere unless there is an abuse of discretion. The defendant was found guilty of a serious offense and we conclude that the sentence imposed by the trial court is proper.

Affirmed.

MURPHY and BURMAN, JJ., concur.