**People of the State of Illinois, Plaintiff-Appellee, v. Leroy Baker, Defendant-Appellant.**

**Gen. No. 53,406.**

First District, Fourth Division.

November 5, 1969.

Supplemental opinion August 5, 1970.

Joseph Minsky, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Francis X. Riley, Special Assistant State's Attorney, and Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

Leroy Baker and Sidney Gammons were charged in separate complaints with theft of less than $150 in money. In a bench trial, the two cases were consolidated and findings of guilty entered in both. Gammons was sentenced to serve nine months in the Illinois State Farm in Vandalia, and Baker to a term of nine months in the House of Correction in Chicago.

Leroy Baker, hereafter called defendant, prosecutes this appeal. He contends that (1) his right to a jury trial was not knowingly and understandingly waived; (2) his right to a fair trial was violated when he was not given competent court-appointed counsel; (3) trial on the merits of the charge against him proceeded without his knowing he was on trial; (4) the court proceedings were so lacking in order that he was deprived of due process; and (5) he was not proven guilty beyond a reasonable doubt.

On June 17, 1968, Sidney Gammons and defendant appeared in the First Municipal District of the Circuit Court of Cook County. When their cases were called, the court gave each a copy of the complaint and told them they were charged with armed robbery, a felony. When the clerk asked, "Are you ready for a hearing?",

3

Gammons asked, "Do we get a chance to talk?" The court answered, explaining that the proceeding was a preliminary hearing. The judge said there was a possibility the State would elect to reduce the charges. The prosecuting attorney then spoke, saying, "The State at this time will file additional charges of petty theft against both defendants." Leave was granted to file the additional charges, with directions that defendant and Gammons each be furnished with a copy of the complaint.

The court then told them they had the right to a continuance in order to hire private counsel, the right to request a jury trial, and the right to appointment of the Public Defender if they were indigent. After receiving an affirmative response concerning appointment of counsel, the judge said: "The court will appoint the Public Defender to represent you. Mr. Scheffler, you may confer with the defendants." A "discussion off the record" between the Assistant Public Defender and the two men followed. There was no recess in the proceedings for defendant to consult with his newly appointed counsel. The court then inquired whether the parties were ready. The Assistant Public Defender answered, "Ready for a hearing," "Not guilty, Jury waived."

Defendant contends that he did not knowingly and understandingly waive his right to trial by jury. There is no indication in the record that defendant knew or understood the consequences of a jury waiver. The additional charge of petty theft was filed before defendant was furnished council. Nothing in the record suggests that defendant participated in the decision to reduce the charge.

 Waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. Johnson v. Zerbst, 304 US 458, 82 L Ed 1461, 58 S Ct 1019 (1938). There is no precise formula for determining whether a defendant knowingly and understandingly waives his right to a trial by jury. Each case depends

4

on its particular facts. People v. Richardson, 32 Ill2d 497, 207 NE2d 453; People v. Crable, 80 Ill App2d 243, 225 NE2d 76. The duty rests on the trial judge to see that election by a defendant to waive trial by jury is expressly and understandingly made. People v. Wesley, 30 Ill2d 131, 195 NE2d 708. It is a duty that cannot be perfunctorily discharged. People v. Surgeon, 15 Ill2d 236, 154 NE2d 253. Where a defendant, as did the defendant here, appears in court charged with a serious offense, and the record does not affirmatively show he knew or was informed of his right to trial by jury, his waiver of jury is not made knowingly and understandingly. People v. Brownlow, 114 Ill App2d 458, 252 NE2d 685; People v. Bell, 104 Ill App2d 479, 244 NE2d 321; People v. Turner, 80 Ill App2d 146, 225 NE2d 65. Compare Boykin v. Alabama, 395 US 238, 23 L Ed2d 274, 89 S Ct 1709 (1969). For these reasons we reverse and remand this cause for a new trial.

This disposition makes unnecessary any discussion of defendant's second, third and fourth contentions. These questions will not occur again in the retrial of this cause. ■ Defendant's fifth contention is that he was not proven guilty beyond a reasonable doubt. No argument has been made in support of this contention. Noticeable failure to present an argument in support of a contention is waiver of it on appeal. People v. Hamlett, 408 Ill 171, 96 NE2d 547; People v. Adams, 109 Ill App2d 385, 248 NE2d 748.

Judgment is reversed and remanded for a new trial.

Reversed and remanded.

DRUCKER, P. J. and ENGLISH, J., concur.

## SUPPLEMENTAL OPINION

After we filed our opinion in this case, the Supreme Court, with one Justice dissenting, decided People v.

Sailor, 43 Ill2d 256, 253 NE2d 397. The court held that an accused who permits his attorney, in his presence and without objection, to waive trial by jury is deemed to have acquiesced in and is bound by the attorney's action. It adopted the language of People v. Melero, 99 Ill App2d 208, 211–212, 240 NE2d 756, that "The trial court was entitled to rely on the professional responsibility of defendant's attorney that when he informed the court that his client waived a jury, it was knowingly and understandingly consented to by his client. Defendant is not permitted to complain of an alleged error which was invited by his behavior and that of his attorney."

This, in substance, was the prosecution's argument before us when it urged affirmance of the judgment. In a petition for rehearing the State reiterates this argument and contends that we should withdraw our opinion. We have granted rehearing to determine whether the facts of this case should be governed by the rule announced in People v. Sailor, supra.

Factually, we found in our opinion that on June 17, 1968, when defendant was subjected to trial, he did not have a lawyer. Without participation by him, a decision was made to file additional charges of theft. The court then furnished defendant with counsel. There was "a discussion off the record." It is not shown that this was a recess or pause in the proceedings which furnished defendant a meaningful opportunity to consult with his newly acquired lawyer. Nothing was said to defendant either by the court or by his appointed counsel. He was not asked to execute a written jury waiver. Thus, the question arises whether the rule of Sailor applies to a case in which a defendant appears in court without counsel and is furnished one the moment when he goes to trial.

 Constitutional rights, like many others, can be waived as long as the waiver is intelligently and

6

knowingly made. Fay v. Noia, 372 US 391, 9 L Ed2d 837, 83 S Ct 822 (1963) ; People v. Ackerson, 37 Ill2d 117, 244 NE2d 849. Although the waiver principle is a salutary one, it is not a rigid doctrine. Its application is relaxed where fundamental fairness so requires. People v. Hamby, 32 Ill2d 291, 205 NE2d 456. A common circumstance which often is a factor in relaxing the waiver principle is court-appointed counsel as distinguished from one of defendant's choice. See Ciucci v. People, 21 Ill2d 81, 171 NE2d 34, cert den 366 US 952, 6 L Ed2d 1245, 81 S Ct 1908; People v. Hamby, supra; People v. Weaver, 45 Ill2d 136, 256 NE2d 816. This circumstance compels recognition of a pragmatism of modern day criminal justice: a court-appointed lawyer may come in contact with his client in situations that differ from those in which the lawyer is the defendant's choice. This case aptly illustrates the difference.

In reaching its decision in Sailor, the Supreme Court cited five cases: three from Illinois, one from the District of Columbia and one from Wisconsin. The Illinois cases were People v. Novotny, 41 Ill2d 401, 244 NE2d 182; People v. Melero, supra; and People v. King, 30 Ill App2d 264, 174 NE2d 213. The District of Columbia case was Hensley v. United States, 281 F2d 605 (DC Cir 1960) and the Wisconsin case, State ex rel. Derber v. Skaff, 22 Wis2d 269, 125 NW2d 561 (1964).

In Novotny, defendant, with counsel of his choice who had represented him throughout the proceedings, went to court and negotiated for reduction of the seriousness of the charge. He remained silent while his lawyer waived trial by jury. Novotny holds that under such circumstances, a defendant is bound by the waiver of his counsel. In Melero, defendant was represented by counsel of his choice. He stood silent while his lawyer waived the right to trial by jury. Melero holds defendant was bound by the waiver. King was a simi-

7

lar case. In Hensley, defendant was represented by privately retained counsel of his choice who waived trial by jury. The court held that the waiver was binding on the defendant. In Derber, at the time of arraignment, several weeks before trial, defendant appeared by counsel of his choice. His lawyer waived trial by jury; the defendant stood by and said nothing. The Supreme Court of Wisconsin held that defendant was bound by the waiver of his lawyer. The distinction between these cases and the one before us is that in each of the former the defendant was represented by counsel of his choice, one in a position to advise him long before the waiver of trial by jury was made without objection. In the case at bar, defendant went to trial with a lawyer furnished him a few moments before.

The State argues that because there was "a discussion off the record," defendant had the opportunity to consult with his new lawyer and be advised concerning the fundamental constitutional right of trial by jury. We are urged to apply to this defendant the standard of waiver that was declared in Sailor, Novotny, Melero and King. It is our judgment that this should not be done.

 Lawyers and judges of experience know that "a discussion off the record" is usually a hurried exchange of words. Hopefully, it is thought to be out of hearing of the trial judge who is waiting and the prosecutor who is ready to proceed. An episode of the kind shown in the record before us lacks the attributes of a conference which could result in a quid pro quo exchange of jury waiver for a reduced charge. It is neither a pause nor a recess for explanation of the meaning of trial by jury to a defendant who initially appears in court without counsel. Under these circumstances, which include the fact that the proceedings commenced as a preliminary

hearing of a felony and then became a trial of a misdemeanor, we conclude that the rule of People v. Sailor, supra, does not apply. Therefore, we adhere to our opinion.

DRUCKER and ENGLISH, JJ., concur.