2 Ill. App.3d 106 (1971)
276 N.E.2d 134
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
JAMES DAVIS, Defendant-Appellant.
No. 55330.
Illinois Appellate Court  First District.
October 19, 1971.
*107 Thomas Grippando, of Chicago, for appellant.
Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, and Robert L. Best, Assistant State's Attorneys, of counsel,) for the People.
Affirmed in part and reversed and remanded in part.
Mr. JUSTICE STAMOS delivered the opinion of the court:
After a bench trial, defendant was convicted of criminal trespass to a vehicle, sentenced to one year in the House of Correction, fined $500 and assessed $5 costs.
Defendant appeals and presents two contentions: first, that there was no valid jury waiver; and second, that it would be a denial of defendant's constitutional rights under the fourteenth amendment to the United States Constitution, if he were to be confined beyond the maximum term specified by statute because of a failure, due to indigency, to pay the fine and costs.
The public defender represented defendant at the initial proceedings and obtained a reduction of the charge from a felony to a misdemeanor. Counsel advised the court in the presence of the defendant that defendant was ready for trial, that counsel had informed defendant of his right to a jury trial and what a jury trial was and that defendant had advised counsel that he desired to waive a jury trial. The trial judge did not question the defendant as to his knowledge or understanding of the jury waiver.
We find that People v. Sailor, 43 Ill.2d 256, 260, is dispositive of defendant's initial contention. At page 260 the court said:
"An accused ordinarily speaks and acts through his attorney, who stands in the role of agent, and defendant, by permitting her attorney in her presence and without objection, to waive her right to a jury trial is deemed to have acquiesced in, and to be bound by, his action." Cases Cited.
Defendant cites abundant authority for the proposition that a waiver of a jury trial must be understandingly and knowingly made. Two of these citations, People v. Rambo, 123 Ill. App.2d 299 and People v. Baker, 126 Ill. App.2d 1, are distinguishable from the case at bar.
In Rambo neither defendant nor his counsel advised the court that a jury trial was waived, and this court held that a knowing waiver would not be inferred in the absence of an overt expression by defendant or his counsel that the right to a jury trial was waived. In Baker this court noted that defendant was without counsel when he appeared at the preliminary *108 hearing charged with armed robbery. Counsel was not appointed until after the charge was reduced to a misdemeanor. The record there was devoid of any recess or pause in the proceedings which would have shown a meaningful opportunity for counsel to consult with his attorney. After a "discussion off the record" counsel in Baker merely advised the court, "not guilty, jury waived."
Under the circumstances at bar, we conclude that the rule enunciated in Sailor, supra, is applicable and that defendant's initial contention must fail. However, we reiterate our admonition in People v. Bell, 104 Ill. App.2d 479, 482:
"It takes but a few moments of a trial judge's time to directly elicit from a defendant that he is entitled to a jury trial, that he understands what a jury trial is, and whether or no he wishes to be tried by a jury or by the court without a jury. This simple procedure incorporated in the record will reduce the countless contentions raised in the reviewing courts about jury waivers."
Concerning defendant's second contention, the State concedes that Williams v. Illinois (1970), 399 U.S. 235, precludes defendant's incarceration beyond the statutory maximum of one year in the House of Correction if, due to his indigency, he is unable to pay the fine and costs.
In view of the foregoing we remand this cause to the trial court which sentenced defendant, for a hearing at the expiration of the one year sentence to determine if there is an involuntary non-payment of the fine and costs. If defendant establishes that his non-payment is involuntary, he is to be set at liberty. The judgment, however, for the fine and costs remains in full force and effect and collectible in the event defendant fortuitously loses his indigent status.
We therefore affirm as to the jury waiver contention, but reverse and remand for proceedings not inconsistent with this opinion regarding defendant's non-payment of the fine and costs.
Affirmed in part and reversed and remanded in part with directions.
LEIGHTON, P.J., and SCHWARTZ, J., concur.