THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ATCHWOOD McGARRY, a/k/a ATCHWOOD McGARY, Defendant-Appellant.

(No. 56044;

First District (5th Division)—February 23, 1973.

James J. Doherty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Peter F. Costa, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

The defendant Atchwood McGarry was indicted for the unlawful possession of a narcotic drug, heroin. (Ill. Rev. Stat. 1969, ch. 38, par. 22—3.) He filed a pretrial motion to suppress physical evidence which was denied after a hearing. After a bench trial he was found guilty and sentenced to a term of two to four years.

On appeal defendant contends: (1) that the court erred in denying his motion to suppress evidence; (2) that he did not voluntarily and understandingly waive his right to a jury trial; and (3) that since he is a narcotic addict and in need of hospital care, it was cruel and unusual punishment to send him to the penitentiary.

Officers Patrick Crowley and Mark Fulla and the defendant testified at the hearing on the motion to suppress. On February 1, 1970, Crowley and Fulla were assigned to a patrol car together. Their tour of duty began at 3:00 P.M. when they were given descriptions of various persons wanted for committing crimes in the area. One description, that of a man wanted for armed robbery, was a male Negro, 18 to 20 years old, five feet three inches to five feet five inches, 150 pounds, wearing a brown corduroy jacket, dark pants, and not wearing a hat. At about 4:00 P.M. while driving in their patrol car the officers saw the defendant 40 or 50 feet from the car; he was walking toward them. He appeared to fit the description of the man wanted for armed robbery since he was of the same physical stature and wore similar clothing. The officers got out of the car and Fulla, who had been driving, called for the defendant to come over to them. The defendant walked over to the car and was almost within arm's distance from Fulla when Fulla realized that the defendant was too old to fit the description of the wanted man. (The defendant was 38 years old.) Fulla started to tell the defendant to "forget it" when the defendant lunged at him, pushed him against the car and ran away. The officers chased him for about two or three blocks, finally apprehended him and placed him under arrest. During the chase officer Fulla saw the defendant reach in his pocket, pull out a tinfoil packet and throw it on the ground. Tests revealed that it contained heroin.

The defendant testified that when he approached the squad car an

officer said, "Do you have any guns in your house?" Then officer Crowley, who defendant testified was driving the car, told the defendant that his pocket was "bulged" and proceeded to stick his hand into defendant's pocket and pull out some "dope." The defendant further testified that he didn't know if Crowley put the heroin in his pocket but that he had never seen it before.

In denying the motion to suppress, the court made an express finding that it disbelieved the defendant's testimony.

Before the commencement of the pretrial hearing, defendant's attorney told the court:

> "Let the record reflect that this is a preliminary motion to suppress, the defendant heretofore having filed with the Court and tendered to the Court an executed jury waiver.
>
> I am not sure the record reflects that you [the Court] have admonished him."

The court did not admonish the defendant as to his right to a jury trial but immediately proceeded to hear testimony on the motion to suppress. Although defendant signed a written jury waiver form on the date of trial, the record shows that at no point during the entire proceedings did the judge admonish the defendant.

After the defendant was found guilty by the court, the following colloquy took place:

> "COUNSEL FOR DEFENDANT: Mr. McGarry [the defendant] is there anything else you wish to say?
>
> THE DEFENDANT: I am not guilty, your Honor.
>
> THE COURT: Is there anything else you wish to say?
>
> THE DEFENDANT: I would like to have a jury trial.
>
> THE COURT: You understand that now."

*OPINION*

Defendant contends that the motion to suppress should have been granted. He argues that when defendant was initially asked to come over to the squad car, he was illegally detained (see *Terry v. Ohio*, 392 U.S. 1) and therefore all the ensuing events, including the recovery of the heroin, were "fruits of the poisonous tree." See *Wong Sun v. United States*, 371 U.S. 471.

We disagree. As stated in *Coates v. United States* (D.C. Cir. 1969), 413 F.2d 371, 374 (Burger):

> "We have in past cases commented on the duty of every person to cooperate with police and to respond unless a Fifth Amendment claim is involved. It is 'only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a "seizure" has oc-

curred.' [Terry v. Ohio] at 19 n. 16, 88 S. Ct. at 1879. In the instant case it would be unrealistic to conclude that a 'seizure' had occurred prior to the discovery of the wallet and wrench since neither through physical force nor through a show of authority nor implied restraint had the police impeded Appellant's liberty."

■■ There was no illegal police action in the instant case. The officers, in asking the defendant to come over to the squad car, were merely performing their duty; the defendant was of similar stature and wore clothes similar to those of the man wanted for armed robbery. When defendant came closer to officer Fulla, the discrepancy in ages between the defendant and the wanted man became apparent and the defendant was told to "forget it." Thereafter, his own actions in pushing Fulla and running away resulted in the arrest and seizure of the heroin. A similar conclusion was reached under analogous circumstances in *People v. Staples*, 1 Ill.App.3d 922, 275 N.E.2d 259. See *People v. Howlett*, 1 Ill. App.3d 906, 910, 911, 274 N.E.2d 885; *People v. Lee*, 48 Ill.2d 272, 269 N.E.2d 488; *United States v. Hines* (D.C. Cir. 1972), 455 F.2d 1317, 1323.

Defendant next contends that he did not understandingly, knowingly and expressly waive his right to a jury trial.

■■ In *People v. Baker*, 126 Ill.App.2d 1, 4-5, 262 N.E.2d 7, it was stated:

> "Waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. Johnson v. Zerbst, 304 U.S. 458, 82 L.Ed. 1461, 58 S.Ct. 1019 (1938). There is no precise formula for determining whether a defendant knowingly and understandingly waives his right to a trial by jury. Each case depends on its particular facts. People v. Richardson, 32 Ill.2d 497, 207 N.E.2d 453; People v. Crable, 80 Ill.App.2d 243, 225 N.E.2d 76. The duty rests on the trial judge to see that election by a defendant to waive trial by jury is expressly and understandingly made. People v. Wesley, 30 Ill.2d 131, 195 N.E.2d 708. It is a duty that cannot be perfunctorily discharged. People v. Surgeon, 15 Ill.2d 236, 154 N.E.2d 253."

In the instant case the only real indication that defendant knowingly, understandingly and expressly waived his right to a jury trial is the fact that he signed a jury waiver form. However, as was stated in *People v. Rambo*, 123 Ill.App.2d 299, 303, 260 N.E.2d 119:

> "A written waiver, as well as an oral waiver, may be an express waiver if it is properly and knowingly made; but signing a printed form has become such a routine formality that a perfunctory signing—without proof that the form was read by the

defendant and understood by him—cannot be accepted as a substitute for an express waiver, understandingly made after careful interrogation by the court."

We are mindful of the fact that in *People v. Sailor*, 43 Ill.2d 256, 253 N.E.2d 397, and subsequent Appellate Court cases (see *People v. Davis*, 2 Ill.App.3d 106, 276 N.E.2d 134; *People v. McClinton*, 4 Ill.App.3d 253, 280 N.E.2d 795; and *People v. Strompolis*, 2 Ill.App.3d 289, 276 N.E.2d 464), it has been held that the waiver of a defendant's right to a jury trial by his counsel, in the defendant's presence and with no objection by the defendant, constitutes a valid waiver. However, in the instant case, unlike the cited cases, it affirmatively appears in the record that defense counsel noted that the defendant had not been admonished, yet the court proceeded to hear evidence on the pretrial motion and trial itself without further inquiry. Counsel's statement and defendant's request for a jury trial after the guilty finding and sentencing casts considerable doubt as to whether defendant had been informed of his right to a jury trial.

The admonition in *People v. Bell*, 104 Ill.App.2d 479, 482, 244 N.E.2d 321, and cited again in *Davis* at 108, applies well here:

"It takes but a few moments of a trial judge's time to directly elicit from a defendant a response indicating that he understands that he is entitled to a jury trial, that he understands what a jury trial is, and whether or not he wishes to be tried by the court without a jury. This simple procedure incorporated in the record will reduce the countless contentions raised in the reviewing courts about jury waivers."

In view of the position we have taken, it becomes unnecessary to address the third issue raised by defendant. The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

ENGLISH and LORENZ, JJ., concur.