THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNIE CEASER, Defendant-Appellant.

(No. 12276; )

Fourth District—February 21, 1974.

John F. McNichols, Deputy Defender, of Springfield, for appellant.

No appearance for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

Defendant was convicted in a bench trial for burglary and theft under $150. He was sentenced to 1 to 3 years in the penitentiary. He now moves for summary reversal on the basis that there is absolutely no indication in the record that he was advised of or waived his right to a jury trial. In the brief attached to the motion he cites *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709, and *Duncan v. Louisiana,* 391 U.S. 145, 20 L.Ed.2d 491, 88 S.Ct. 1444. The State's Attorney had deigned not to respond to the motion though given leave to do so.

We dispose of the cases cited as not controlling for the reason that the discussion as to meaningful waiver of trial by jury was had in the much larger context of a plea of guilty. Here, this overpowering circumstance is absent. His plea was not guilty.

He was represented by counsel. The trial took two days. Commonsense inferences to be drawn here are that defendant knew he had a right to trial by jury and waived it. We say this because we do not think it can be gainsaid that anyone licensed to practice law in this State would not at a minimum know that in criminal cases a jury trial is a matter of right and unless waived will be accorded to one charged with crime.

██ However, our statute and the case law require more than the

drawing of "commonsense inferences" for the waiver to be effective. Section 103—6 of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 103—6) provides:

"Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court."

For us to say that the defendant here "understandably waived" a jury trial we must have something more than the face of a three-day trial without a jury. A silent record does not show an affirmative compliance with the statute and this is required. (*People v. McKinney*, 126 Ill.App.2d 339, 261 N.E.2d 797; *People v. Rosen*, 128 Ill.App.2d 82, 261 N.E.2d 488; *County of McLean v. Kickapoo Creek, Inc.*, 51 Ill.2d 353, 282 N.E.2d 720.) In our opinion, we are bound by *People v. Wesley*, 30 Ill.2d 131, 195 N.E.2d 708, and we find the reasoning in *People v. McGarry*, 10 Ill.App.3d 570, 294 N.E.2d 718, persuasive. Accordingly, the judgment is reversed and the cause remanded for new trial.

Reversed and remanded.

CRAVEN and TRAPP, JJ., concur.