THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FLOYD MITCHELL, JR., Defendant-Appellant.

(No. 57731; ■■■■■■■■■■■■)

First District (3rd Division)—July 3, 1974.

Arthur H. Grant, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and William F. Linkul, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant, Floyd Mitchell, Jr., was convicted in a bench trial of the offenses of battery and theft. He was sentenced to the Illinois State Farm at Vandalia for a term of 10 months on the theft and 6 months, concurrent, on the battery. Defendant appeals and contends that:

1) He was not proved guilty beyond a reasonable doubt;
2) The trial court should have granted a new trial;
3) The mittimus should have been corrected, as the term of the sentence was vague and confusing;
4) The sentence should be limited to one offense, as the charges arose out of the same conduct;
5) The complaints were fatally defective; and
6) Defendant did not knowingly and understandingly waive a trial by jury.

The record shows that the alleged battery and theft occurred at about 10 P.M. on May 16, 1972, in the 3600 block of South State Street in Chicago. Defendant was arrested about a block away from the scene of the crime approximately 30 minutes later. Defendant, aged 17, was brought to trial on the following day, May 17, 1972, less than 24 hours after the commission of the alleged crimes. Complaints were originally filed charging him with the offenses of armed robbery, attempted armed robbery, and battery. At the trial the State nolle prossed the felony charges of armed robbery and attempted armed robbery, and filed reduced charges of theft and attempted theft.

The following proceedings took place at the outset of defendant's trial on May 17, 1972:

> "The Clerk: Floyd Mitchell, defendant; John Campbell, complainant.
> The Court: Floyd Mitchell?
> Defendant: Yes, sir.

The Court: Is the State ready today?

Mr. Mrizek: Yes, Judge, we are ready today.

The Court: Public defender is appointed. Pass it for the public defender.

[Thereupon, this cause was momentarily passed after which the following proceedings were had.]

The Clerk: Floyd Mitchell, defendant; John Campbell, complainant.

The Court: Is the State ready?

Mr. Mrizek: The State is ready.

The Court: Is the defense ready?

Mr. Goldberg: Ready, Judge.

The Court: To the charge of armed robbery, are you ready for a hearing?

Mr. Mrizek: At this time, the State is moving to file a reduced charge of attempted theft and theft. As to the attempted armed robbery signed by the complainant, Vickey Mays (name spelled phonetically), an armed robbery signed by the complainant, John Campbell, it will be motion State nolle.

The Court: Nolle on the attempted and the armed robbery.

Mr. Goldberg: The defense is ready for trial, and the plea is not guilty.

The Court: Jury waived?

Mr. Goldberg: Jury is waived.

The Court: To the reduced charges, the plea is not guilty, jury waived * * *."

The matter then proceeded to a trial without a jury. The complainants, John Campbell and Vickey Mays, testified for the State, and the defendant and the arresting officer, Samuel Jones, testified for the defendant. Defendant was discharged as to the charge of attempted theft from Vickey Mays and was found guilty of the charges of battery and theft as to John Campbell. The court pronounced sentence: "Ten months Vandalia, concurrent. Six months on the battery, four months on the theft."

On June 2, 1972, defendant was represented by private counsel and filed a motion for a new trial which was denied. On June 19, 1972, another motion for a new trial was made by defendant wherein he argued the same grounds as alleged in this appeal. Defendant filed a further motion to vacate and correct the mittimus which had issued. At the hearing on defendant's post-trial motion, the following testimony was adduced on behalf of defendant.

Raymond Billings testified that he was a witness to the incident and that defendant did not participate in the alleged theft and battery. James

Eggleston, one of defendant's teachers, testified to the good reputation of defendant in the community.

Defendant testified that he did not know what a jury waiver meant until after he was incarcerated following the trial; that he was tried approximately 15 hours after his arrest; that he did not know he was entitled to a jury trial; that he did not know what a jury was and had never been in court before; that he did not know he was waiving or entitled to a jury trial; that no one explained to him what a jury was; and that during the brief conversation with the Public Defender at the trial, he merely told counsel what had happened and counsel asked if he was ready for trial. He admitted telling the Public Defender that he was ready but denied that the Public Defender discussed a jury trial with him at that time. Defendant stated that the entire conversation lasted a minute and a half or 2 minutes.

C. B. McClinton, owner of a pool hall at 37th and State Streets, testified that defendant was in his establishment until approximately 9:40 P.M. on May 16, 1972. Larry Edwards testified that he observed the occurrence and that the person who assailed and robbed the victim had what appeared to be an army coat and that he did not see defendant that evening until he was in the custody of the police.

The court denied both of defendant's motions but observed, in reference to the motion to correct the mittimus, "I sentenced to ten months in Vandalia on the theft, and six months, concurrent, on the battery."

■■ First, we consider defendant's contention that the battery and theft complaints were fatally defective. Defendant's contention is without merit. He waived the issue of failure to arraign on the battery charge by not objecting to such failure at trial. (Ill. Rev. Stat. 1971, ch. 38, par. 113—6.) Contrary to defendant's assertion, the record affirmatively shows that the battery complaint was verified. As shown above, the State nolle prossed the armed robbery and attempted armed robbery and moved to file reduced charges of attempted theft and theft. The State filed the complaints instanter. Since the battery complaint alleged that defendant "intentionally, without legal justification, caused bodily harm," and offense under section 12—3(a)(1) (Ill. Rev. Stat. 1971, ch. 38, par. 12—3(a) (1)) was properly alleged. *People v. Abrams* (1971), 48 Ill.2d 446, 271 N.E.2d 37, cited by defendant, is distinguishable from the case before us in that in *Abrams* the complaint failed to allege an essential element of the offense.

We next consider defendant's contention that he did not knowingly and understandingly waive a trial by jury.

■■ Whether or not a waiver of the right to trial by jury is knowingly and understandingly waived must be decided on the particular facts of

each case and cannot be determined by any precise formula. (*People v. Gay* (1972), 4 Ill.App.3d 652, 654, 281 N.E.2d 738; *People v. Baker* (1970), 126 Ill.App.2d 1, 4, 262 N.E.2d 7.) The trial court is charged with the duty to see that the election of an accused to forego a trial by jury is expressly and understandingly made. That duty cannot be perfunctorily discharged. *People v. Surgeon* (1958), 15 Ill.2d 236, 238, 154 N.E.2d 253, 255.

In *People v. Sailor* (1969), 43 Ill.2d 256, 253 N.E.2d 397, an adult defendant was represented by private counsel who advised the court in defendant's presence that trial by jury was being waived. The court found that the defendant impliedly, knowingly, and understandingly waived trial by jury by her acquiescence in the actions of her private attorney.

In *People v. McClinton* (1972), 4 Ill.App.3d 253, 280 N.E.2d 795, counsel was appointed for defendant immediately prior to trial, with no time for deliberation between counsel and defendant. In holding *Sailor* applicable the court there stated that *Sailor* was not limited in its application to defendant represented by private counsel, and that there was nothing in *Sailor* which would require, as a condition precedent to a valid jury waiver, that the record affirmatively reflect that a defendant and his appointed counsel were afforded an opportunity for consultation.

The State places reliance on *People v. Gay* (1972), 4 Ill.App.3d 652, 281 N.E.2d 738, in which the court held that the defendant effectively waived his right to a trial by jury. However, there the record showed that defendant was advised by the court as to his right to a trial by jury, but it did not show when the appearance of the Public Defender was filed in behalf of defendant. The court determined that the record did affirmatively and unmistakenly show that the case was ably tried by defendant's lawyer and that the attorney displayed a thorough familiarity with the facts and personal life of the defendant, which must have come from long acquaintance with his client or from a rather extended conference. In addition, the record showed that defendant was a resourceful person of some intelligence, was no newcomer to criminal proceedings, addressed the court in his own behalf, and never attempted to repudiate his waiver until upon appeal. The court held that the rule in *Sailor* applied. The facts of the instant case are distinguishable.

■■ Very similar to the instant case is *People v. Boyd* (1972), 5 Ill.App.3d 980, 982, 284 N.E.2d 699, in which a public defender was appointed immediately after the case was called for trial. Although the record showed that defendants conferred with appointed counsel prior to proceeding, the record neither affirmatively showed a sufficient recess in the proceedings for defendants to have a meaningful consultation with the

newly-appointed counsel, nor that the defendants knew or were informed of their right to trial by jury. The court, in holding that the jury waiver was not made knowingly or understandingly, held that the rule of *Sailor* does not apply where a defendant appears in court without counsel and is furnished one the moment when he goes to trial and the record does not show that he knew or was informed of his right to trial by jury.

Likewise, in *People v. Baker* (1970), 126 Ill.App.2d 1, 262 N.E.2d 7, relied upon in *Boyd,* the court stated at page 5: "Where a defendant, as did the defendant here, appears in court charged with a serious offense, and the record does not affirmatively show he knew or was informed of his right to trial by jury, his waiver of jury is not made knowingly and understandingly. [Citations.]" In a supplemental opinion filed after the decision in *Sailor,* after distinguishing *Sailor* on its facts, the court emphasized that the record did not show that the recess or pause in the proceedings furnished defendant with a meaningful opportunity to consult with his newly-acquired lawyer. The court observed that a brief conference between counsel and client immediately prior to trial is usually nothing more than a hurried exchange of words.

In the recent case of *People v. Murrell,* 20 Ill.App.3d 789, 314 N.E.2d 467, the offense, the arrest, the trial and the filing of a notice of appeal in the span of 1 day demonstrated that as in *Boyd* and *Baker,* counsel have to have been appointed just prior to going to trial. The court held the jury waiver invalid in the absence of any affirmative showing or any basis to presume that defendant know or was informed of his right to trial by jury. In *People v. Brodus,* 19 Ill.App.3d 840, 313 N.E.2d 511, the State maintained that because the record indicated a period of time between the appointment of counsel moments before and counsel's entering a plea of not guilty and waiving the right to a jury trial, the defendant could not contend that he did not understand the jury waiver. The court stated: "In order to adhere to the State's theory we would have to assume that during the interval of time the defendant's attorney spoke with defendant and advised him of his right to a jury trial. However, no such assumption can be made because we are confined in making our judgment to what is affirmatively show by the record."

Neither can we make such assumption here. The record in the instant case discloses that the defendant was only 17 years of age and had had no prior experience in court. A Public Defender was appointed as his counsel the moment defendant went to trial, initially charged with complaints which included two felonies. There is nothing to indicate defendant's participation in the reduction of the charges. He was not advised by the trial court of the right to counsel of his own choice nor of the right to a trial by jury. A trial by jury was not explained on the record

which expressly shows that the matter was being "momentarily passed." In his motion for a new trial defendant then raised the question of a proper waiver of jury, and his testimony thereat that he consulted with appointed counsel for no more than "two minutes" before the cause went to trial is uncontradicted. Furthermore, at the hearing of the motions for new trial several witnesses testified on behalf of defendant that he was not a participant in the crime of which he was accused, unlike the thorough familiarity disclosed by the record in *People v. Gay, supra.*

■■ In the absence of an affirmative showing that the defendant has been advised of the meaning of a trial by jury and that he had a right to trial by jury, the record must affirmatively show that prior to the trial there was a meaningful opportunity for defendant to consult with his attorney. (*People v. Davis* (1971), 2 Ill.App.3d 106, 262 N.E.2d 134; *People v. Gay* (1972), 4 Ill.App.3d 652, 281 N.E.2d 738; *People v. Boyd* (1972), 5 Ill.App.3d 980, 284 N.E.2d 699; *People v. Baker* (1970), 126 Ill.App.2d 1, 262 N.E.2d 7; *People v. Murrell,* 20 Ill.App.3d 789, 314 N.E.2d 467; and *People v. Brodus,* 19 Ill.App.3d 840, 313 N.E.2d 511.) We find that the record does not affirmatively so show, and hold that the defendant did not knowingly and understandingly waive a trial by jury.

It is not necessary to discuss any of the other contentions made by the defendant on appeal.

For the reasons herein set forth, the judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

DEMPSEY and McGLOON, JJ., concur.