The People of the State of Illinois, Plaintiff-Appellee, *v.* James Green, Defendant-Appellant.

(No. 60532;

First District (5th Division)—March 14, 1975.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Rea T. Markin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Following a bench trial, defendant was found guilty of unlawful use of weapons in violation of section 24—1(a)(10) of the Criminal Code. (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10).) He was sentenced to a term of 1 year. He appeals contending that he did not knowingly and understandingly waive his right to a jury trial.

The report of proceedings pertinent to this appeal shows the following to have taken place on March 11, 1974, before Judge James A. Condon:

"THE CLERK: James Green? 27, 2, Judge.

* * *

THE COURT: Are you ready for trial?

JAMES GREEN: My lawyer isn't here.

THE COURT: Who's your lawyer?

JAMES GREEN: I have the Public Defender.

THE COURT: You have the Public Defender?

JAMES GREEN: I am suppose to be given one.

THE COURT: Mr. Public Defender?

Apparently—he says you were appointed. There is nothing in the record, but talk to him. I will appoint you Public Defender.

MR. BRAWLEY: All right.

THE COURT: Let's pass it.

(Proceedings halted and resumed.)

THE CLERK: James Green? 27, 2, please, Judge.

THE COURT: James Green? Freddie James? Are you ready, Mr. Public Defender?

MR. BRAWLEY: Yes, Your Honor, ready for trial.

THE COURT: What is the plea?

MR. BRAWLEY: Not guilty, Your Honor, Jury would be waived.

THE COURT: On all the charges?

MR. BRAWLEY: Yes, Your Honor.

THE COURT: All right, plea of not guilty, jury waived."

OPINION

Defendant contends that he did not knowingly and understandingly waive his right to a jury trial. Relying upon *People v. Murrell*, 20 Ill. App.3d 789, 314 N.E.2d 467; *People v. Brodus*, 19 Ill.App.3d 840, 313 N.E.2d 511; *People v. Boyd*, 5 Ill.App.3d 980, 284 N.E.2d 699, and *People v. Baker*, 126 Ill.App.2d 1, 262 N.E.2d 7, he argues that his appointed counsel did not have sufficient time to confer with him.

■■ The cases upon which defendant relies have been distinguished on numerous occasions (see, *e.g., People v. Durham*, 23 Ill.App.3d 737, 320 N.E.2d 144) and are not in accord with the weight of authority. In *People v. Sailor*, 43 Ill.2d 256, 253 N.E.2d 397, the supreme court, basing its decision on the professional integrity of counsel and the acquiescence of defendant, held that a defendant is bound by his retained counsel's waiver of jury trial on his behalf. There can be no doubt that this rule is equally applicable to appointed counsel. *People v. Suriwka*, 2 Ill.App. 3d 384, 276 N.E.2d 490.

■■ In the instant case, the report of proceedings indicates that the public defender was appointed and the matter was passed. After some period of time, the proceedings were resumed. Thereafter, in response to the court's inquiry, the public defender answered ready for trial, pled defendant not guilty, and waived trial by jury on behalf of his client. All the while, defendant stood mute. Moreover, it appears that defendant was no novice in such proceedings. At the hearing in aggravation and mitigation, defendant was shown to have been previously convicted for theft and for three other weapons violations. In these circumstances, we believe that defendant was provided sufficient time to confer with counsel before he waived trial by jury. See *People v. Kaprelian,* 6 Ill. App.3d 1066, 286 N.E.2d 613; *People v. Gay,* 4 Ill.App.3d 652, 281 N.E. 2d 738.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

DRUCKER and SULLIVAN, JJ., concur.