THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TERRENCE J. VODICKA, Defendant-Appellant.

(No. 54438;

First District—September 27, 1971.

Anthony J. Murray, Jr., of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Roger S. Matelski, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Complaints were filed against defendant charging him with the offenses of battery, unlawful use of weapons and disorderly conduct. At a bench trial defendant was found guilty of the offenses of battery and unlawful use of weapons, and was placed on probation for a period of two years, the first ten days of which were to be served in the House of Correction. He appeals. (Defendant was found not guilty on the disorderly conduct charge.)

Relative to the battery complaint, complaining witness Janice Mousel testified that at about 5:00 P.M. on January 14, 1969, she and several girlfriends boarded a northbound Ravenswood Chicago Transit Authority elevated train at the station near the Merchandise Mart in Chicago. Miss Mousel testified that after boarding the train, she situated herself in a standing position in the aisle near the center of the car. Shortly thereafter, the defendant, who was seated next to the aisle and behind Miss Mousel, took hold of her arm and attempted to pull her down, repeatedly asking her to sit in his lap. Miss Mousel testified that she refused the advances and that the defendant then threatened that on the following day he would slash her chest with a knife. Miss Mousel further testified that she was frightened and that she then moved to the rear of the car. The witness stated that she had not known the defendant prior to the incident.

Relative to the unlawful use of weapons and disorderly conduct charges, complaining witness James Schwank, a Chicago Transit Authority police officer, testified that at about 5:30 P.M. on January 15, 1969, he observed the defendant at the Damen Avenue station of the Ravenswood elevated train line. He testified that his attention was drawn specifically to the defendant because the defendant was brushing against the leg of a woman while descending a stairway. The officer further testified that he had received a description of Miss Mousel's assailant, and that the defendant matched that description. Officer Schwank testified that he and his partner stopped the defendant and the woman whom he was brushing against, and that he asked the woman if she wished to take action in the matter. The officer testified that the woman "seemed to be annoyed," but that she declined to pursue the matter because of the late hour and she wished to proceed home. Defendant was then placed under arrest and a search of his person revealed that he was carrying a switchblade knife in one of his pants pockets.

Defendant testified in his own behalf and related that the reason he was carrying the knife was that he used it in his work as a construction laborer. One of defendant's co-workers testified that the knife was

owned by the co-worker, but that it was left at the job site for use by all who worked at the site; he stated that defendant was permitted to use the knife as were any of the other workers. There is also evidence in the record that defendant had not worked at the job site in question for several days prior to January 15, 1969. (Defendant offered no direct evidence in connection with the incident involving Miss Mousel.)

Defendant initially contends that the trial court erred in denying his motion to suppress the knife as evidence. He argues that his arrest was made without probable cause and that the search incident thereto, which disclosed his possession of the knife, was consequently illegal. We disagree.

■■ An officer of the law may arrest without a warrant where a criminal offense has been committed and where he has reasonable grounds to believe that the person to be arrested has committed the offense. (Ill. Rev. Stat. 1969, ch. 38, par. 107—2(c); *People v. Wilson,* 45 Ill.2d 581.) In the instant case the officers had probable cause to effect the arrest of the defendant. At the time of the arrest the officers knew of the attack upon Miss Mousel and had a description of her assailant. The defendant, when observed by the officers the day following the Mousel incident, matched the description of the assailant and was in the area of the Ravenswood elevated train line where the Mousel incident occurred. The officers also observed the defendant brushing against the leg of a woman descending a stairway, apparently annoying her; the fact that the woman declined to take action against the defendant has no bearing on the legality of the arrest. Under the circumstances, the arrest of the defendant was lawful, and the subsequent search of the defendant and the seizure of the knife were legal. The trial court properly denied defendant's motion to suppress the knife as evidence.

Defendant next contends that he did not knowingly and understandingly waive his right to a trial by jury.

The colloquy at the trial between the trial court and defendant's privately retained counsel reveals that the court, on three separate occasions, inquired of defense counsel whether there would be a plea of not guilty and a jury waiver. In the presence of the defendant, defense counsel responded in the affirmative, and defendant stood mute.

■■ In *People v. Sailor,* 43 Ill.2d 256, the Supreme Court held that an accused who permits his counsel to waive a jury trial, in the accused's presence and without an objection on his part, is deemed to have acquiesced in and is bound by his counsel's action. The Court went on to adopt reasoning from the case of *People v. Melero,* 99 Ill.App.2d 208, stating that the trial court is entitled to rely on the professional responsi-

bility of the defense counsel, and that a defendant will not be permitted to complain of an alleged error which was invited by his own behavior and that of his counsel.

In support of his position defendant relies on the cases of *Boykin v. Alabama*, 395 U.S. 238 and *People v. Baker*, 126 Ill.App.2d 1. The *Boykin* case was decided after the trial of this cause and has been determined to have no retroactive effect; for that reason it has no applicability to this case. See *People v. Williams*, 44 Ill.2d 334.

In the *Baker* case, the court held that the single statement made by defendant's court appointed counsel, "Ready for a hearing" and "Not guilty, jury waived," standing alone, did not constitute a competent jury waiver. In a supplemental opinion induced by the subsequent rendition of the *Sailor* case, the *Baker* court, while adhering to its original determination of the incompetency of ·the jury waiver, noted that the feature distinguishing the *Baker* case from the *Sailor* case was the fact that *Baker's* defense counsel was appointed by the trial court and it did not appear that defendant had an opportunity to confer with him prior to the attempted waiver. The court further noted that a waiver by a defense counsel of the defendant's own choosing would be considered valid inasmuch as counsel and the defendant would have the opportunity to confer long before the waiver is made. As in the *Sailor* case, defendant here was represented by counsel of his own choosing, and the *Baker* case is therefore inapposite on its facts from the case at bar.

■■ Defendant contends that the People failed to prove him guilty of the offense of battery beyond a reasonable doubt, because the proofs did not conform to the battery complaint and, secondly, because no evidence was introduced showing that defendant's conduct was in any way insulting or provoking.

The complaint for battery recites that defendant committed battery upon Miss Mousel "aboard CTA El Train, at Addison-Ravenswood," but defendant contends that the evidence shows that the incident occurred at least five miles from that location. The record shows that the incident occurred on the "Ravenswood El Train." The complaint sufficiently informed the defendant of the charge he was called upon to meet. (*People v. Gilmore*, 101 Ill.App.2d 447.) Further, although defendant did not testify concerning the events which transpired on January 14, 1969, statements made by his counsel in open court reflect that defendant knew of and was aware of the incident and the location thereof.

■■ There was sufficient evidence from which the trier of fact could conclude that a battery in fact occurred. Miss Mousel testified that the defendant took hold of her arm and attempted to pull her into his lap, that she refused to sit in his lap, that defendant threatened to slash her

chest, and that she became frightened and moved to the rear of the car, away from the area where defendant was seated.

██ Defendant finally contends that the unlawful use of weapons statute was unconstitutionally applied to him under the circumstances, since the knife he was carrying was allegedly used by him in his employment as a construction worker. (Ill. Rev. Stat. 1969, ch. 38, par. 24—1.) The facts, however, show that defendant had not worked for several days prior to his arrest at the site where the knife was normally kept, yet he had the weapon in his possession on the day of his arrest. There was evidence that on January 14, 1969, defendant threatened that on the following day (January 15, 1969) he would slash Miss Mousel's chest with a knife. It is to be noted that on January 15, 1969, the officers arrested defendant and on searching him found the switchblade knife.

Finally, the statute covering unlawful use of weapons expressly prohibits the carrying of a switchblade knife. (Ill. Rev. Stat. 1969, ch. 38, par. 24—1(a)(1).) Defendant further does not fall within the exceptions provided in the statute. Ill. Rev. Stat. 1969, ch. 38, par. 24—2.

For these reasons the judgment is affirmed.

Judgment affirmed.

LYONS and GOLDBERG, JJ., concur.