**UNITED STATES of America**

v.

**John W. WALKER, Appellant.**

**UNITED STATES of America**

v.

**Randolph JENKINS, Appellant.**

**Nos. 71–1948, 71–1949.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 14, 1972.

---

Mr. Harold H. Titus, Jr., U. S. Atty., with whom Mr. John A. Terry and Miss Ruth R. Banks, Asst. U. S. Attys., were on the brief for appellee.

Mr. Jerry C. Straus, Washington, D. C. (appointed by this Court), was on the brief for appellant.

Before WRIGHT, ROBINSON and WILKEY, Circuit Judges.

WILKEY, Circuit Judge:

Appellants were found guilty on all five counts of an indictment charging armed robbery and assault with a dangerous weapon. The sole issue basically [1] as posed by appellants is whether the District Judge, who tried the case without a jury, should have recused himself or at least have ordered a jury trial, after having been informed in the colloquy of counsel before trial that one of the defendants had offered a plea of guilty.

For a complete appreciation of what is involved in this particular case it would be helpful to see the full transcript of the colloquy between the District Judge, the prosecutor, and the two defense counsel; but for the purposes of this case and the principle we enunciate, we do not think it necessary to recite this verbatim herein. It is sufficient to say that as soon as the judge had mounted the bench he was informed by the prosecutor, "One minute ago defense counsel offered a plea of guilty, some-

---

1. Appellants do make another argument, but it is related to the issue we treat in this opinion. It is argued that when the Government informed the court of the proffered guilty plea, the Government was in effect presenting the testimony of the appellant against himself. This supposedly violated appellants' Fifth Amendment privilege against self-incrimination because (1) this statement of guilt was made known to the judge and (2) appellant then had no choice but to testify at the trial on his own behalf. The first basis for this argument is clearly fal-

lacious since the Government's statement was in no sense the testimony of appellant. As we note below, the trial judge is peculiarly qualified to consider the relevance of evidence and disregard that which is improper. Appellants' second rationale is likewise defective. Neither the appellant who offered the confession nor his codefendant were "required" to take the stand on their own behalf since there was no reason to presume that the trial judge would consider irrelevant evidence.

thing I haven't cleared with my office. I don't know whether it would be accepted. . . ." Counsel for appellant Jenkins then informed the court that "this relates solely to the defendant Walker," whereupon the prosecutor stated, "Unless they both plead, we will go to trial."

Both defense counsel then made clear to the court that they had advised their clients of their constitutional right to a jury trial, both desired a nonjury trial, both were willing to sign the written form waiving a jury. The prosecutor then took two well advised precautions to protect his position: First, he stated, "I have no objection, Your Honor, to a nonjury trial. However, I think the court should be aware that it is my understanding that the sole question in this case is one of credibility of a witness, and it is a question of fact. There are no questions of law involved. Possibly, understanding that, Your Honor may prefer that the question go before a jury, . . ." Secondly, the prosecutor requested that the court "direct each defendant personally to waive on the record, and obtain their waiver other than the form," which was done by allocution of both defendants.

■ On this state of the record, for the District Court to proceed with a nonjury trial was not plain error, because the defendants and their counsel had in writing and orally waived a jury trial, after they had clearly heard the District Judge being informed that one of the defendants had offered a plea of guilty to the prosecution, which was ultimately rejected. And also, the trial judge did not know what type of plea was offered, whether it went to one of the lesser counts or included all the counts of the indictment (which would indeed have been a novelty in the usual course of plea bargaining in the District Court). Furthermore, pleas of guilty are often offered for reasons other than actual guilt.[2] The District Judge is presumed to have a trained and disciplined judicial intellect, which in a nonjury trial can receive evidence, rule on its admissibility, and discard from his eventual decision on the merits that evidence which he has ruled to be inadmissible for the purposes of his decision. This mental discipline is supposed to be part of the resources which the trial judge brings to his task, and it was obviously on this that the defense counsel relied in not requesting a jury or possibly even transfer to another judge for a nonjury trial, after the court had been informed that one defendant had offered a plea of guilty.

Although under the facts here we find no plain error, for future guidance, we suggest:

First, the prosecutor should never inform the trial court in a prospective nonjury case that one or more defendants have offered a plea of guilty to any count.

Secondly, once the trial judge has received information that a plea of guilty has been offered, it would be better if he exercised his prerogative to recuse himself or to insist upon a jury trial, where the findings of fact could be made by that body. While our concern is not limited to alibi cases, a case such as the one at bar, where the defense was exclusively one of alibi, delineates the danger rather sharply. It seems of some measurable difficulty for a trial judge to disassociate himself from the knowledge that one of the defendants has offered a plea of guilty in connection with an armed robbery and assault, when that defendant and others are testifying on the stand that he wasn't there at the time the offense was undeniably committed by someone. The disciplined judicial mind should not be subjected to any unnecessary strain; even the most austere intellect has a subconscious.

Thirdly, we recognize that knowledge of an offered plea of guilty may come not from the prosecution but from the

2. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); McCoy v. United States, 124 U.S.App. D.C. 177, 363 F.2d 306 (1966).

defense counsel, or possibly even another source; hence, we suggest no rule that the trial judge must recuse himself after having this notice thrust upon him. Such a rule would be too easily subject to abuse.

But a rule [3] which requires the finder of fact to be the jury rather than the judge once the judge has been apprised of a plea of guilty (or the judge may recuse himself if he prefers), since either the defense or the judge can always insist upon a jury trial, should be easy to observe and put no burden on the administration of justice.

Finding no plain error, all convictions are

Affirmed.

---

**3.** We expect that this practice will be followed henceforth to avoid a situation in which reversal might be required.