PER CURIAM.
These appeals were consolidated for all appellate purposes. Appeal # 72-704 is from a judgment finding the appellant guilty of attempted breaking and entering with intent to commit petty larceny and petty larceny. This cause was tried first. Appeal # 72-703 is from a judgment of guilty of breaking and entering with intent to commit grand larceny and grand larceny. Each case was tried before the court without jury pursuant to a waiver at arraignment.
Appeal # 72-704, as above noted, is an appeal from two convictions for misdemeanors. As to the first count, see Fla. Stat. § 810.05, F.S.A., and Fla.Stat. § 776.-04(3), F.S.A. As to the second count, see Fla.Stat. § 811.021, F.S.A., and Fla.Stat. § 775.082, F.S.A. Therefore, jurisdiction of appeal # 72-704 is in the circuit court, The transfer of that appeal to the circuit court will be made by separate order.
The single point presented on appeal urges that the court erred in accepting defendant’s waiver of trial by jury in that the court did not interrogate as to whether appellant knowingly and intelligently waived hist right to a jury trial. The record reveals that appellant did not attempt to change his waiver at the trial which resulted in a judgment of guilty of attempted breaking and entering and petty larceny. After the court had almost completed the case which is the subject of appeal # 72-703, the appellant attempted to withdraw his waiver because he had received a stiffer sentence than expected at the first trial. The motion to withdraw the waiver of jury trial was properly denied. The record shows that appellant was asked and stated that he fully concurred in his counsel’s waiver at arraignment. It was further established that he understood what was meant by waiver of jury trial. Thus, the facts do not support the point presented on this appeal. It also appears that appellant’s attempt to withdraw waiver of jury trial was untimely. See Floyd v. State, Fla.1956, 90 So.2d 105; Quartz v. State, Fla.App.1972, 258 So.2d 283.
Affirmed.