THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAWRENCE E. CLOSSON, Defendant-Appellant.

(No. 11715;

Fourth District—September 5, 1973.

Dwight H. Doss, of Monticello, for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (Robert Barewin, Assistant State's Attorney, of counsel,) for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Upon bench trial, defendant was convicted of driving while under the influence of intoxicating liquor. Sentence of seven days was imposed. Defendant appeals.

It is urged that the court erred in accepting an oral waiver of jury trial made by defendant's retained counsel. Following arrest on February 18th, defendant appeared on February 19th to plead not guilty. The cause was set for jury trial on April 7th. A series of continuances ensued at defendant's request: (1) to May 13th for further time to procure counsel for jury trial; (2) to June 7th on request of defendant's counsel who negotiated a jury waiver for further continuance; and (3) to June 30th on defendant's request over the objections of the prosecution. On the latter date defendant appeared with counsel who asked to withdraw since the defendant would not accept counsel's negotiation of the matter. The case was then set for July 28th as a "final continuance"'.

On July 28th, defendant appeared with the associate of counsel who had been retained that morning by defendant, but who was unable to be present at the time. The associate asked for a continuance for trial. After extensive colloquy between the court and counsel, the motion was denied. The report of proceedings at trial is not included in the record, but it appears that defendant appeared *pro se*. At the hearing on sentence on July 30th, the erstwhile associate appeared apparently in the status of retained counsel. He filed a notice of appeal. Other counsel now prosecutes such appeal.

■■ In *People v. Sailor*, 43 Ill.2d 256, 253 N.E.2d 397, it was determined that a defendant who acquiesced in or failed to object to counsel's waiver of jury trial was deemed bound by such waiver. The opinion noted that the court was entitled to rely upon counsel's "professional responsibility". Here, defendant was not ignorant of his right to a jury trial, as was the fact in *People v. Collins*, 112 Ill.App.2d 458, 251 N.E.2d 325, and *People v. Boyd*, 5 Ill.App.3d 980, 284 N.E.2d 699.

The administration of jury calendars received some recognition when defendant's retained counsel negotiated with the prosecution for a jury waiver and a further continuance. Defendant's participation in such negotiation is not shown in the record, but upon the trial date, June 20th, at which counsel withdrew, the court recited the history of the proceedings and defendant did not then object to the fact of jury waiver. Appearing on July 28th, after the "final continuance", defendant with retained counsel sought to put the cause back on the jury calendar.

This case is clearly distinguishable from those where counsel was appointed as the case is called for trial and the client never actually dis-

cusses the defense with his attorney before the plea and waiver of jury. (See *People v. Baker*, 126 Ill.App.2d 1, 262 N.E.2d 7, *People v. Boyd*, 5 Ill.App.3d 980, 284 N.E.2d 699, and *People v. Brownlow*, 114 Ill.App.2d 458, 252 N.E.2d 685.) There is no precise formula for measuring an understanding waiver of jury trial through counsel. (*People v. King*, 4 Ill.App.3d 1066, 282 N.E.2d 746.) This record indicates that defendant knew of his right to a jury trial. The sentence hearing disclosed defendant's experience in several comparable hearings and he plainly was aware that there had been actual settings for jury trial.

■■■ Defendant had had ample opportunity to discuss the case with retained counsel and listened to counsel's recital of the case without objection. No question was raised as to the waiver until he appeared for bench trial on a final setting. The withdrawal of a jury waiver is not a matter of right and is not timely made where the result is a further delay of trial after several continuances with the attendant prejudice to the State whose witnesses are present for trial. (*People v. Catalano*, 29 Ill.2d 197, 193 N.E.2d 797.) We find no abuse of discretion.

The judgment is affirmed.

Affirmed.

CRAVEN, P. J., and SIIMKINS, J., concur.