**UNITED STATES, Appellee,**

v.

**Specialist Four Dennis M. KAUFFMAN, SSN 539–56–0631, United States Army, Appellant.**

**SPCM 12321.**

U. S. Army Court of Military Review.

20 June 1977.

Lieutenant Colonel John R. Thornock, JAGC, and Captain Larry D. Anderson, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, Captain Richard A. Kirby, JAGC, and Captain Richard A. Cefola, JAGC, were on the pleadings for appellee.

Before CLAUSEN, CLAUSE and COSTELLO, Appellate Military Judges.

OPINION OF THE COURT

CLAUSE, Senior Judge:

At his trial by special court-martial, appellant submitted a request for trial by military judge alone. After appropriate advice and inquiries, the military judge found a knowing and intelligent waiver of the right to trial by a panel of members and granted the request. Pursuant to a pretrial agreement, appellant entered pleas of guilty to wrongful possession of marihuana and two specifications of resisting apprehension in violation of Articles 92 and 95, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892 and 895, respectively. The pleas to the former and one specification of the latter were found to be provident and appropriate findings were later entered

---

thereon. After an exhaustive *Care*[1] inquiry, the military judge rejected the plea as to the remaining specification of resisting apprehension. The military judge granted a recess for appellant to reconsider his plea. After consulting with counsel, appellant persisted in his pleas of guilty found to be provident, and entered a plea of not guilty to the remaining specification. The trial counsel announced that during the recess the convening authority determined that he would continue to abide by the terms of the pretrial agreement. The subsequent trial resulted in appellant's conviction of all offenses.

The appellant alleges error in the military judge's failure to follow the procedure set forth by our decision in *United States v. Cockerell,* 49 C.M.R. 567 (A.C.M.R.1974).[2] Appellant's reliance on *Cockerell* is misplaced.

The *Cockerell* opinion recognizes that the general basis for recusation is personal bias on the part of the military judge rather than previous exposure to the same or similar issues. *United States v. Jarvis,* 22 U.S.C.M.A. 260, 46 C.M.R. 260 (1973). In *United States v. Hodges,* 22 U.S.C.M.A. 506, 47 C.M.R. 923 (1973), the United States Court of Military Appeals stated that "in a situation where a military judge finds a plea of guilty to be improvident, generally there is no restriction on the military judge alone then trying the case." Both *Hodges* and *Cockerell* cite *United States v. Walker,* 154 U.S.App.D.C. 6, 473 F.2d 136 (1972) wherein the prosecutor in a contested bench trial informed the judge that the defense counsel had offered a plea of guilty. Finding no plain error in the judge proceeding with a bench trial, the court set forth a rule for future application in similar circumstances

in that circuit. In *Hodges,* the Court of Military Appeals agreed with the suggestion of *Walker* "that where a trial judge has received information that a plea of guilty has been offered, it would be better if he exercised his prerogative to recuse himself or to insist upon a jury trial." The *Hodges* opinion found no objection to a trial judge proceeding in an improvident plea situation. It is important to distinguish between instances where the judge's knowledge is *ex parte* and where, as here, it is derived from a providency inquiry conducted as part of the judicial proceedings. We have found no jurisdiction where the recommendations of *Cockerell* are set forth for improvident plea cases. The stated preference in that opinion for automatic recusal or in the alternative advice to the accused as to specific options is dicta and advisory only. While there is certainly no objection to such procedure,[3] we do not consider the *Cockerell* dicta binding as a matter of law or policy. There are valid reasons why the matter of recusation is one best left to the independent judgment of the military judge involved, subject only to judicial review for abuse of discretion. We see no necessity to impose an automatic rule when one is not required by law and where the circumstances of individual cases are too varied to make such a rule practical.[4]

▮ We conclude that the military judge in this case did not err by failing to recuse himself after determining one of appellant's pleas to be improvident. Nor was it error for him not to explain to the appellant the several requests he might have

---

1.  *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

2.  We note that the Trial Judge Memorandum relied upon heavily by *Cockerell* has since been rescinded and replaced by Trial Judge Memorandum Number 99, dated 1 September 1976.

3.  *United States v. Shackelford,* 2 M.J. 17 (C.M.A. 1976), cites *Cockerell* "with regard to the appropriateness of and necessity for recusation. . . ."

4.  *See United States v. Melton,* 1 M.J. 528 (A.C.M.R.1975), *reversed* on other grounds by order, *pet. denied* after further review (Docket # 31245, A.C.M. 21841, 1976), wherein Judge Roberts of the Air Force Court of Military Review discusses the merits of *Cockerell* as against the case by case determination of the military judge as to recusal. We agree with his development and analysis.

made after his plea was found improvident.[5]

Appellant has also alleged a violation of the rule of *United States v. Cruz-Rijos*, 1 M.J. 429 (C.M.A.1976). We have concluded from appropriate affidavits that there was compliance with Article 54(c) as mandated by *United States v. Cruz-Rijos, supra.*

The findings of guilty and the sentence as approved are AFFIRMED. However, the application of forfeitures is deferred, effective 3 September 1976, until the sentence is ordered into execution.

Chief Judge CLAUSEN and Judge COSTELLO concur.

UNITED STATES, Appellee,

---

**5.** A motion to withdraw a waiver of a jury trial is addressed to the discretion of the judge and will not be disturbed absent an abuse of that discretion. *United States v. Bryant*, 23 U.S.C. M.A. 326, 49 C.M.R. 660 (1975); *United States v. Sadrzadeh*, 440 F.2d 389 (9th Cir. 1971), *cert. den.* 404 U.S. 850, 92 S.Ct. 84, 30 L.Ed.2d 88 (1971); *McCranie v. United States*, 333 F.2d 307 (5th Cir. 1964); *Riadon v. United States*, 274 F.2d 304 (6th Cir.), *cert. den.* 364 U.S. 896, 81 S.Ct. 225, 5 L.Ed.2d 189 (1960); *People v. Closson*, 13 Ill.App.3d 878, 301 N.E.2d 347 (1973); *Baker v. State*, 269 So.2d 767 (Fla.App. 1972); *State v. Gerardi*, 6 Conn.Cir. 218, 269 A.2d 641 (1970). Similarly a challenge for cause is addressed to the military judge's discretion. *United States v. Baker*, 2 M.J. 773 (A.C.M.R.1976); *United States v. Wright*, 47 C.M.R. 637 (A.F.C.M.R.1973). *See also* 3 Wharton's Crim.Proc. § 437, Annotation 46 A.L.R. 2d 919 (1956) Trial by Jury Sec. 1.2C ABA Standards with Commentary Approved Draft (1968).