**UNITED STATES**

v.

**Randy A. WENNER, 175–52–7467, Air Traffic Controller (Enlisted Aviation Warfare Specialist Second Class), (E–5), U.S. Navy.**

**NMCM 92 01027.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 13 Dec. 1991.

Decided 29 July 1993.

LT David P. Sheldon, JAGC, USNR, Appellate Defense Counsel.

LT Richard J. Huber, JAGC, USNR, Appellate Government Counsel.

Before LARSON, STRICKLAND and ORR, JJ.

PER CURIAM:

We have reviewed the record of trial, the assignments of error[1] and the Government's response and we conclude that none of the errors assigned is materially prejudicial to the substantial rights of the appellant. However, although not assigned as error, proof of the appellant's guilt of larceny of government funds falls short of

---

1. I. THE MILITARY JUDGE SHOULD HAVE RECUSED HIMSELF AFTER QUESTIONING APPELLANT EXTENSIVELY REGARDING THE ALLEGED OFFENSES, AND THEN REJECTING APPELLANT'S PLEAS.

II. THE MILITARY JUDGE ERRED IN DISMISSING CHARGE I WITHOUT PREJUDICE AFTER HEARING THE GOVERNMENT'S CASE ON THE MERITS.

III. THE GOVERNMENT'S EVIDENCE WAS LEGALLY INSUFFICIENT TO PROVE APPELLANT'S GUILT THAT HE WRONGFULLY RECEIVED VHA FUNDS AT THE WITH DEPENDENT'S RATE AFTER AUGUST, 1989.

IV. THE COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE. [CITATION OMITTED.] BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A *KNOWING* WAIVER OF APPELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL.

V. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE APPELLANT'S MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION [CITATIONS OMITTED.] BECAUSE THIS ERROR IS JURISDICTIONAL, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL.

that required with respect to a portion of the alleged total. We will discuss this shortcoming and take appropriate action below.

■ In his first assignment of error, the appellant complains that the military judge should have disqualified himself *sua sponte* after hearing the appellant's responses to the inquiry into his guilty pleas and then rejecting those pleas as improvident. Considering the responses themselves, the absence of any challenge by the appellant at trial and his affirmative request for trial by military judge alone after his pleas were rejected, we find that the military judge was not disqualified from sitting as trial judge on the merits of the case. *United States v. Winter*, 35 M.J. 93 (C.M.A.1992).

■ The appellant also asserts that the military judge erred by dismissing, without prejudice, Charge I and its underlying specification rather than finding the appellant not guilty of that offense. We find that, in view of the appellant's motion to find the two offenses multiplicious for findings purposes, the military judge acted within his discretion in dismissing the charge. Rule for Courts–Martial (R.C.M.) 907(b)(3)(B). However, because the charge was dismissed on the basis of multiplicity for findings, the qualification "without prejudice" was inappropriate.[2] We consider those words to have no legal effect and Charge II to be dismissed permanently. Should the appellant be subjected to trial again on that charge, he would be able to assert the defense of former jeopardy. R.C.M. 907(b)(2)(C).

■ In his third assignment of error, the appellant asserts that the evidence is insufficient to support a finding of guilty to theft of Variable Housing Allowance

(VHA) after August 1989. The Government agrees but argues that the finding of guilty to theft of $5200 from the United States does not include VHA after August 1989. We agree. The evidence is clear that the appellant's VHA was reduced from the married to the single rate effective September 1989 (Pros. Ex 10) and we are confident that the military judge included only Basic Allowance for Quarters (BAQ) and not VHA after August 1989 in his computation of the total amount of the theft.

However, for reasons unrelated to the above, we do not believe that the evidence supports a finding of guilty to theft of the entire amount of BAQ and VHA found by the military judge. The appellant was convicted of stealing these allowances between May 1987 (the date his divorce judgment was issued) and July 1991 (the date his service record was changed to correctly reflect his status as unmarried) by falsely pretending that he was married when, in fact, he was divorced. As a result of this false pretense, he was paid BAQ and VHA at the "with dependents" rate rather than the lower single rate and was convicted of stealing the difference.[3]

A false pretense is a false representation of a prior or existing fact; it may be made by means of an act, word, symbol or token. Manual for Courts–Martial (MCM), 1984, ¶ 46c(1)(e). The false representation principally relied upon by the Government in this case was the appellant's written assertions that he was married and that his wife was his dependent when he filled out an updated Record of Emergency Data/Dependency Application form (commonly known in the Navy as a "Page 2") on 3 October 1988 at his new station, Naval Air Station, Oceana, Virginia. Pros.Ex. 3.

2. We need not determine whether the multiplicity ruling of the military judge was legally correct. His ruling, right or wrong, is the law of the case for purposes of this review and it is only the effect of his ruling on the dismissed charge that is in question.

3. The Government attempted unsuccessfully to prove that the appellant stole all of the housing allowances he had received (over $20,000) be-

cause, from May 1987 to Oct 1988, he was assigned to a ship and, as a single E–5, was not entitled to any housing allowance. In addition, after October 1988, he failed to follow the required procedures to obtain off-base unmarried housing allowances when he transferred to shore duty. The military judge found him guilty of theft of only the difference between the married and the single rates.

Yet, that evidence only proved a wrongful obtaining after that date. It did not supply the element of a false pretense for the excess allowances obtained between May 1987 and October 1988. *United States v. Viverto*, 34 M.J. 872, 874 (A.C.M.R.1992). Furthermore, there was no evidence at trial of an affirmative misrepresentation of the appellant's marital status before 3 October 1988 similar to the one he made on that date.

There is evidence that the appellant was married in 1982 (and, presumably filled out a Page 2 reflecting that fact), that he became aware that his divorce was final sometime in 1988, and that he continued to receive housing allowances at the "with dependents" rate. One may reasonably conclude from this sequence of events that, even before October 1988, the appellant failed to take adequate measures to correct his Page 2.

 A false pretense may occur through silence or failure to correct a known misrepresentation. *United States v. Dean*, 33 M.J. 505, 510 (A.F.C.M.R.1991). The difficulty in this case is that there is insufficient evidence to determine with any degree of confidence just when the appellant discovered that his divorce was final. He was assigned to an aircraft carrier which deployed to the Mediterranean during that period and had little communication with his wife. He had waived service of process, Pros.Ex. 7a, and, according to his testimony, never saw the final divorce judgment until 1991. Record at 68. A false pretense must be knowingly false in the sense that it is made without a belief in its truth. From this record, we cannot determine just when (before 3 October 1988) the appellant's representation that he was married became "knowingly" false. As a result, we cannot affirm the finding of guilty to theft of excess BAQ and VHA before 3 October 1988. Article 66(c), UCMJ, 10 U.S.C. § 866(c). We will only affirm the finding of guilty of larceny by false pretenses for excess BAQ from November 1988 to July 1991 and excess VHA from November 1988 to September 1989, all of which totals approximately $3,800. Pros.Ex. 10.

The appellant's fourth and fifth assignments of error are without merit. *United States v. Graf*, 35 M.J. 450 (C.M.A.1992); *United States v. Weiss*, 36 M.J. 224 (C.M.A. 1992).

Accordingly, the Court affirms only so much of the finding of guilty to the remaining Charge and specification as finds that the appellant did, at diverse locations, on diverse dates between November 1988 and July 1991 steal U.S. currency of a total value of about $3800, the property of the United States. The remainder of the specification is dismissed. Upon reassessment, pursuant to *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990), the sentence as approved on review below is affirmed.